PER CURIAM.
The sole issue in this case is whether section 321.003 of the Texas Health and Safety Code evidences the Legislature’s intent to clearly and unambiguously waive the State’s governmental immunity. Central Counties Center for Mental Health and Mental Retardation Services is a governmental unit, as defined by statute, and is thus entitled to assert governmental immunity. Tex. Civ. PRAC. & Rem.Code § 101.001(3). Karen Rodriguez sued Cen *703 tral Counties, alleging that it negligently allowed a caseworker to sexually exploit her during outpatient treatment. Central Counties filed a plea to the jurisdiction asserting governmental immunity. The district court denied the plea, and Central Counties appealed. The court of appeals affirmed, holding that, by incorporating section 571.003(12)(a)’s definition of “mental health facility” in section 321.001, the Legislature consented to suits against entities such as Central Counties in section 321.003. 45 S.W.3d 707, 711; see also Tex. Health & Safety Code §§ 321.003(a), (b); 571.003(12).
Central Counties petitioned this Court for review, alleging conflicts jurisdiction under section 22.225(c). Tex. Gov’t Code § 22.225(c). The court of appeals here noted that its holding was in “direct conflict” with the holding in Texas Department of Mental Health & Mental Retardation v. Lee, 38 S.W.3d 862 (Tex.App.-Fort Worth 2001, pet. filed). 45 S.W.3d at 711. We agree because the court of appeals’ decision in this case would operate to overrule Lee had they issued from the same court. See Tex. Gov’t Code § 22.225(c); Coastal Corp. v. Garza, 979 S.W.2d 318, 319-20 (Tex.1998).
Today, in Wichita Falls State Hospital v. Taylor, 106 S.W.3d 692, 2002 WL 32029019 (Tex.2003), we hold that section 321.003 of the Texas Health and Safety Code does not waive the State’s sovereign immunity. Our holding in Taylor is dis-positive here. Accordingly, without hearing argument, we grant the petition for review, reverse the court of appeals’ judgment denying Central Counties’ plea to the jurisdiction, and dismiss Rodriguez’s claims for want of jurisdiction. Tex.R.App. P. 59.1.